### THE VEDAS.

(District Court, S. D. Florida. December 7, 1926.)

No. 2441.

1. **Statutes** ⟨⟩ **281—Answer denying maritime lien, because supplies were furnished at vessel's home port in foreign country, must plead law of foreign country.**

On libel for supplies furnished vessel, answer denying existence of maritime lien, because supplies were furnished at vessel's home port in foreign country, must plead law of such foreign country.

2. **Maritime liens** ⟨⟩ **8—On libel for supplies, allegations setting up partnership venture between charterer and one making advances for supplies held good defense.**

On libel for supplies furnished vessel, allegations of answer, setting up partnership venture between charterer and party making advances to pay for supplies, and that advances were made for partnership and not to discharge maritime liens, held to state good defense.

**3. Maritime liens ⬳39—On libel for supplies, answer alleging that libelant took assignment of claims with knowledge of equities held not irrelevant or impertinent.**

On libel for supplies furnished vessel, allegation of answer that libelant took assignment of claims with knowledge of existing equities *held* not irrelevant or impertinent, though respondent therein assumed greater burden than law placed on him.

**4. Maritime liens ⬳39—Assignee of maritime lien is subrogated to assignor's rights, though assignment was without consideration.**

Assignee of maritime lien is subrogated to assignor's rights, and it is no defense that he paid no consideration for assignment.

In Admiralty. Libel by Arthur J. Henriques against the British steamship Vedas. On exceptions to paragraphs of answer and objections to interrogatories. Certain exceptions and objections sustained; others overruled.

Martin H. Long, of Jacksonville, Fla., for libelant.

Kay, Adams, Ragland & Kurz, of Jacksonville, Fla., for claimant.

CALL, District Judge. The libel in this case filed by the assignee of certain claims for materials, etc., furnished the vessel in Halifax, N. S., the home port of the vessel and in Jacksonville, Fla. The answer as to the Halifax supplies denies that a maritime lien exists because furnished the vessel in her home port, but does not plead the Canadian law. As to the supplies furnished in Jacksonville, the defense is that the charter party provides that the vessel shall be delivered to the owner free from liens, and that the party making the advance to pay for same was partner of the charterer in the enterprise for which the vessel was chartered, and therefore the advance was made for the business, and was a payment made by the party whose duty it was to discharge the lien.

[1] The exceptions are directed to separate paragraphs of the answer. The fifth paragraph sets up the charter party, the residence of the charterer and owner, and home port of the vessel, and the sixth paragraph, after making the fifth paragraph a part of it, denies that a maritime lien exists. As above noticed, the law of Canada is not pleaded. This I think is necessary, before the court can decide upon and administer the foreign law. The exceptions will therefore be sustained, with leave to amend.

[2] The seventh and eighth paragraphs set out the partnership venture between the charterer and the party making the advances, and that said advances were made for the partnership and not to discharge maritime liens. These paragraphs state a valid defense, and the exceptions thereto will be overruled.

[3] The eighth paragraph alleges that the assignee, the libelant, took the claims with full knowledge of all the circumstances. While the assignee took the claims subject to any equities that existed, and the respondent assumes by said paragraph a greater burden than the law places upon him, I do not think the matter set up is irrelevant or impertinent. This exception will be overruled.

[4] The tenth paragraph alleges that the assignee, libelant, paid no consideration for the claims. If the maritime lien exists and the party making the advance to pay them off is entitled to be subrogated to them, it seems to me to make no difference whether the libelant paid a consideration for their assignment. He has title to the claims and may maintain the action. The exception will be sustained.

To the answer were appended certain interrogatories to answering of which objections were filed. Objections to interrogatories 18 and 25, inclusive, are sustained. Objection to interrogatory 17 is overruled.